IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Samuel L. Buoscio,                    :

         Plaintiff,                   :

     v.                               :     Case No. 2:09-cv-1133

Jackson National Life
Insurance Company, Inc.,              :     JUDGE WATSON

         Defendant.                   :


REPORT AND RECOMMENDATION
AND ORDER

     Plaintiff, Samuel L. Buoscio, filed this action on December
17, 2009 against Jackson National Life Insurance Company, Inc.
Since then, Mr. Buoscio has made three filings which are relevant
to this Report and Recommendation and Order.  They are: Doc. #2,
an affidavit of service; Doc. #4, a motion for leave to file a
summary judgment motion; and Doc. #5, a summary judgment motion.
For the following reasons, it will be recommended that the
summary judgment motion be denied.  Further, Mr. Buoscio will be
given twenty-eight additional days to have the complaint served
on the defendant.

I.  Service of Process

     Fed.R.Civ.P. 4 explains how a complaint and summons are to
be served on a defendant, when that must happen, and who is
allowed to make service.  After reviewing the affidavit of
service filed by Mr. Buoscio, the Court concludes that he has not
followed the rule and that no proper service has been made.

     Mr. Buoscio's affidavit states that he served the complaint
and summons by certified mail.  This was ineffective for two
reasons.  First, service of a summons and complaint must be made
by a "person who is at least 18 years old and not a party ...."

Fed.R.Civ.P. 4(c)(2). Mr. Buoscio is a party and therefore cannot serve the complaint himself. Further, Fed.R.Civ.P. 4(h) provides that a corporation (if it does not respond to a request to waive service under Fed.R.Civ.P. 4(d)) can be served in one of two ways – either by a method allowed by state law, or by delivery of the summons and complaint to an officer or other agent of the corporation. Such delivery must be made personally and cannot, under Rule 4(h)(1)(B), be accomplished by certified mail. Ohio law permits certified mail service, but only by the Clerk of Court. This Court has adopted a procedure for having the Clerk make certified mail service, and that procedure is set out in Local Civil Rule 4.2, which provides as follows:

**4.2 SERVICE OR WAIVER OF PROCESS**
Plaintiffs should ordinarily attempt to obtain a waiver of service of process under Fed. R. Civ. P. 4(d) before attempting service of process. If a request for waiver is unsuccessful or is deemed inappropriate, the Court prefers parties to use the methods of service provided in Fed. R. Civ. P. 4 before using certified mail service under Ohio law. This Rule is confined to the domestic service of the summons and complaint in a civil action in this Court by certified mail or ordinary mail, pursuant to the law of Ohio, and is not intended to affect the procedure for other methods of service permitted by the Federal Rules of Civil Procedure or Ohio law. If a party elects to use Ohio certified mail service, it must be done as follows:

(a) Plaintiff's attorney shall address the envelope to the person to be served, and shall place a copy of the summons and complaint or other document to be served in the envelope. Plaintiff's attorney shall also affix to the back of the envelope the domestic return receipt card, PS Form 3811(the "green card") showing the name of sender as "Clerk, United States District Court, Southern District of Ohio" at the appropriate address, with the certified mail number affixed to the front of the envelope. The instructions to the delivering postal employee shall require the Plaintiff's attorney shall affix adequate postage to the envelope and deliver it to the Clerk who shall cause it to be mailed.

(b) The Clerk shall enter the fact of mailing on the docket and make a similar entry when the return receipt is received. If the envelope is returned with an endorsement showing failure of delivery, the Clerk shall forthwith notify, electronically or by regular mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. The Clerk shall enter the fact of notification on the docket and shall file the return receipt or returned envelope in the records of the action. (Ohio R. Civ. P. 4.1)

(c) If service of process is refused or was unclaimed, the Clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification, files with the Clerk a request for ordinary mail service, accompanied by an envelope containing the summons and complaint or other document to be served, with adequate postage affixed to the envelope, the Clerk shall send the envelope to the defendant at the address set forth in the caption of the complaint, or at the address set forth in instructions to the Clerk. The attorney or party at whose instance the mailing is sent shall also prepare for the Clerk's use a certificate of mailing which shall be signed by the Clerk or a Deputy Clerk and filed at the time of mailing. The attorney or party at whose instance the mailing is sent shall also endorse the answer day (twenty-one (21) days after the date of mailing shown on the certificate of mailing) on the summons sent by ordinary mail. If the ordinary mail is returned undelivered, the Clerk shall forthwith notify the attorney or serving party, electronically or by mail.

(d) The attorney of record or the serving party shall be responsible for determining if service has been made under the provisions of Rule 4 of the Ohio Rules of Civil Procedure and this Rule.

This procedure has not been followed here.  Consequently, Mr. Buoscio has not obtained valid service on the defendant.

This brings up another issue.  Fed.R.Civ.P. 4(m) provides in relevant part:

> If a defendant is not served within 120 days after the
> complaint is filed, the court – on motion or on its own
> after notice to the plaintiff –  must dismiss the
> action without prejudice against that defendant or
> order that service be made within a specified time. But
> if the plaintiff shows good cause for the failure, the
> court must extend the time for service for an
> appropriate period.

More than 120 days has passed since this case was filed, and, as
the Court has already pointed out, the complaint has not been
properly served.  Rather than dismiss the case, however, the
Court will give Mr. Buoscio twenty-eight more days to obtain
service.  If he does not, the case may be dismissed.

## II.  The Summary Judgment Motion

Mr. Buoscio did move for leave to file a summary judgment
motion.  The summary judgment motion itself has also been filed,
so his motion for leave to file is moot.  However, given the fact
that the defendant has not been served, it would not be
appropriate to grant summary judgment to Mr. Buoscio.  Further,
the primary basis of the motion is the defendant's failure to
respond to the complaint.  In the absence of proper service, a
defendant is under no obligation to respond to a complaint.
Therefore, it will be recommended that the motion for summary
judgment be denied at this time.

## III.  Disposition, Recommendation and Order

Based on the foregoing, plaintiff is ordered to complete
service within twenty-eight days, and file appropriate proof of
service with the Court, or face dismissal under Fed.R.Civ.P.
4(m).  His motion for leave to file a summary judgment motion
(#4) is denied as moot.  It is recommended that his summary
judgment  motion (#5) be denied.

## IV.  Procedure on Objections

A.  As to the **order** portion of this Report and
Recommendation and Order, the following procedure applies:

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge. 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5. The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge. S.D. Ohio L.R. 72.4.

B. As to the **recommended** denial of the summary judgment motion, the following procedure applies:

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the

-5-

right to appeal the decision of the District Court adopting the Report and Recommendation. <u>See Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge